10-2690-cv
Cabell v. Sony Pictures Entm't, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of June, two thousand eleven.

PRESENT:   CHESTER J. STRAUB,
           REENA RAGGI,
           RICHARD C. WESLEY,
                   *Circuit Judges.*

------------------------------------------------------------------
ROBERT W. CABELL,

     *Plaintiff-Appellant*,


     v.          No. 10-2690-cv


SONY PICTURES ENTERTAINMENT, INC.,
COLUMBIA PICTURES INDUSTRIES, INC.,
PULSE ADVERTISING, INC., HAPPY
MADISON, INC., ADAM SANDLER, ROBERT
SMIGEL, and JUDD APATOW,

     *Defendants-Appellees.*[*]
------------------------------------------------------------------
APPEARING FOR APPELLANT:  ROBERT CABELL, *pro se*, New York, New York.

APPEARING FOR APPELLEES:  ROBERT POTTER (Joseph Petersen, Joseph M. Beck, Allison M. Scott, *on the brief*), Kilpatrick Townsend & Stockton LLP, New York, New York.

---

[*] The Clerk of Court is directed to amend the caption to read as shown above.

Appeal from a judgment of the United States District Court for the Southern District of New York (William H. Pauley, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on May 26, 2010, is AFFIRMED.

Robert Cabell, proceeding pro se, appeals from an award of summary judgment in favor of defendants on claims of copyright infringement and unfair competition. We review an award of summary judgment de novo, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." Costello v. City of Burlington, 632 F.3d 41, 45 (2d Cir. 2011). We will uphold such an award only if the record reveals no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). In applying these standards, we assume the parties' familiarity with the facts and procedural history of the case.

Having ourselves reviewed the relevant Jayms Blonde and You Don't Mess With the Zohan images, we affirm the judgment for substantially the reasons stated by the district court in its thorough and well-reasoned opinion. See Cabell v. Sony Pictures Entm't, Inc., 714 F. Supp. 2d 452 (S.D.N.Y. 2010). Aside from the unprotectable ideas of (1) brandishing a blow dryer as a weapon, and (2) the characters' fighting poses, there is no plausible basis for a reasonable jury to find that the parties' respective expressions of the concept of a crime-fighting hairdresser are substantially similar. See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 63 (2d Cir. 2010); see also Walker v. Time Life Films, Inc., 784 F.2d 44, 48 (2d Cir. 1986) ("The copyright protection granted to appellant's book

2

extends only to its particular expression of ideas, not to the ideas themselves . . . ."); Mattel, Inc. v. Azrak-Hamway Int'l, Inc., 724 F.2d 357, 360 (2d Cir. 1983) (holding that "superhuman muscleman crouching in what since Neanderthal times has been a traditional fighting pose" was unprotectable idea).[1]  Further, the district court correctly dismissed the New York unfair competition claim as preempted by § 301 of the Copyright Act.  See 17 U.S.C. § 301; Kregos v. Associated Press, 3 F.3d 656, 666 (2d Cir. 1993) (holding New York unfair competition claim based solely on copying of protected expression preempted by § 301 of Copyright Act).

We have considered Cabell's remaining arguments on appeal and conclude that they are without merit.  Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] Although the complaint also alleged infringement based on the plotline of the Zohan film, see Am. Compl. ¶ 48, which claim the district court rejected, see Cabell v. Sony Pictures Entm't, Inc., 714 F. Supp. 2d at 460-61, Cabell argues on appeal that his infringement claim is predicated solely on the visual images used in the promotion of the Zohan film, see Appellant's Br. at 9, 22-23.  Accordingly, we deem any infringement claim based on plotline abandoned.  See, e.g., Wright v. Warner Books, Inc., 953 F.2d 731, 734-35 (2d Cir. 1991).

3